## Wilhelm v. Wilhelm

364

*Ronald J. Hagarman*, for plaintiff.

MacPhail, P. J., April 1, 1969.—In this divorce action the master has recommended that a decree be entered on the grounds of indignities. The testimony supports the recommendation.

However, the complaint avers that a prior action in divorce was instituted in York County in 1968 and that said action was discontinued on June 15, 1968. Plaintiff testified to those facts at the master's hearing, but no other proof of the status of that proceeding was offered. In Wolfe v. Wolfe, 44 D. & C. 2d 126 (1968), and again in Knox v. Knox, 10 Adams 48 (1968), we held that neither the testimony of plaintiff nor a statement by counsel was acceptable proof of a proceeding in another court. The best evidence of the subject matter of any proceeding in court is a properly authenticated copy of the record. We affirm our prior rulings on this subject.

Accordingly, no decree may be entered in this case until proper proof of the status of the York County proceeding is offered. It seems unnecessary to refer the matter back to the master for this limited purpose.

ORDER

And now, April 1, 1969, it is ordered that a decree of divorce be entered in the usual form upon the filing of a properly authenticated record of the status of the action entered to May term, 1968, no. 262, in York County showing the said action has been discontinued.